In the Matter of the Claim of ALFRED J. SEGAL, Appellant, against LILLIAN MARGO, Doing Business as BRYANT SHIP & FORWARDING CO., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for reargument, or in the alternative, for leave to appeal to the Court of Appeals denied, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See *ante*, p. 786.]

∎

In the Matter of the Claim of MILDRED EMERSON, Respondent, against DOLO-MITE PRODUCTS CO. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from an award of the Workmen's Compensation Board which allowed death benefits to the mother of the deceased employee upon a finding of dependency. Concededly decedent was killed in the course of his employment on August 28, 1950, when he was eighteen years of age. Dependency presents a question of fact. There is evidence in the record to sustain a finding of dependency by the board. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See 283 App. Div. 676.]

∎

In the Matter of the Claim of TRUMAN TOWNSEND, Respondent, against UNION BAG AND PAPER CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from a decision of the Workmen's Compensation Board which determined that claimant suffered an occupational disease which was causally related to his employment. Claimant's duties in his employment required him to push a hand truck carrying fifty-gallon barrels of paste across a concrete floor. The evidence indicates that claimant suffered from a pre-existing susceptibility to pes planus third degree bilateral with metatarsalgia, commonly known as "flat feet". The nature of claimant's work and the extra pressure exerted upon his feet aggravated the condition and caused it to become painful. The principal contention of appellants is that even though the work produced the pain it did not produce the condition, and therefore may not be considered an occupational disease. There is medical testimony, however, that the physical condition, aside from pain, was aggravated by the nature of claimant's work. The decision of the board that claimant is suffering from an occupational disease contracted due to the nature of his employment, is sustained by the evidence. (*Matter of Vines* v. *Lazar Motors*, 277 App. Div. 1083.) Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.